**FILED**
**Mar 22, 2021**
**10:12 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **KHALED SADEEKAH,** | ) | **Docket No. 2020-06-0218** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 10400-2020** |
| **ZAHER ABDELAZIZ, d/b/a HOME** | ) | |
| **FURNITURE AND MORE,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

_____

### COMPENSATION ORDER GRANTING SUMMARY JUDGMENT
_____

The Court heard Home Furniture's Motion for Summary Judgment on March 1, 2021. Home Furniture alleged three grounds for summary judgment, including its contention that Mr. Sadeekah cannot establish medical causation through an expert opinion. Based on Mr. Sadeekah's failure to provide an expert medical opinion proving causation, the Court grants Home Furniture's motion and dismisses this claim with prejudice.

### Claim History

Mr. Sadeekah alleged he injured his right wrist, elbow, and shoulder while recovering from an unrelated surgery on his right arm, when he tried to stop a dresser from sliding down the ramp of a delivery truck in late March 2019.[1]

Home Furniture provided no benefits, and Mr. Sadeekah filed a petition for benefit determination. After an expedited hearing, the Court denied his request for temporary disability and medical benefits. This motion followed.

In its statement of undisputed material facts, Home Furniture asserted Mr. Sadeekah did not present expert medical proof that his alleged injury is causally related to his employment. The medical records support this assertion. The records show Mr. Sadeekah

---

[1] The petition for benefit determination alleged a March 22, 2019 injury date, but at an expedited hearing Mr. Sadeekah testified he thinks the accident occurred March 29.

visited the doctor several times around his alleged date of injury for a non-work-related arm injury. Specifically, on March 25, 2019, Mr. Sadeekah denied "any post-operative complications or complaints." He visited the doctor again on April 1, and the notes do not reflect any injury from late March. Likewise, an MRI of his right shoulder taken roughly eight months after his alleged injury states, "Right shoulder pain for 3-4 months. No trauma[.]" In response, Mr. Sadeekah filed a Form C-32 Standard Form Medical Report on February 22, 2021, which Home Furniture moved to strike due to its late filing.

**Findings of Fact and Conclusions of Law**

Under Tennessee Rules of Civil Procedure 56, summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. To meet this standard, Home Furniture must either: (1) submit affirmative evidence that negates an essential element of Mr. Sadeekah's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Home Furniture satisfies this burden, Mr. Sadeekah must then show that the record contains specific facts upon which a trier of fact could base a decision in his favor. *Rye*, at 265.

However, Mr. Sadeekah "may not rest upon the mere allegations or denials of [his] pleading." *Rye*, at 265. Rather, he must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If he fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id.*

While Home Furniture raised several arguments supporting its motion, its argument concerning the lack of medical causation through expert opinion ensures judgment in its favor as a matter of law. The medical proof showed that Mr. Sadeekah underwent surgery for a non-work-related arm injury. He visited the doctor on April 1, 2019, for follow-up treatment but said nothing about an injury at work. Further, none of the medical records linked his alleged injury to his work for Home Furniture.

Mr. Sadeekah submitted a Form C-32 final medical report in response to Home Furniture's motion for summary judgment. Any party can introduce "direct testimony from a physician through a written medical report on a form established by the administrator," which is Form C-32. Tenn. Code Ann. § 50-6-235(c)(1). The subsection continues by establishing that a party can submit the form "at any stage of a workers' compensation claim in lieu of a deposition" so long as the party gives the opposing party twenty-days' notice. *Id.* at (c)(2).

Mr. Sadeekah filed the Form C-32 on February 22, 2021, which was seven days before the summary judgment hearing. Home Furniture objected to Mr. Sadeekah using it

to support his opposition to the motion and moved to strike it. While the Court appreciates Mr. Sadeekah's lack of legal training may disadvantage him, it also has a duty to provide a fair process for all and must require Mr. Sadeekah to comply with the same standards as a represented party. *See, e.g., Bates v. Command Ctr., Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *3 (Apr. 2, 2015). Therefore, the Court holds it must exclude the Form C-32 from consideration in determining this motion.[2]

Without the Form C-32, Mr. Sadeekah cannot meet his burden of proof at trial. *See Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) ("In all but the most simple and routine cases, an employee must prove the causal relationship between an injury and a workplace accident through expert medical proof."). Because he failed to provide an expert medical opinion proving causation, summary judgment must be entered against him. Tenn. R. Civ. P. 56.06. The Court, therefore, finds Mr. Sadeekah failed to identify any genuine issue of material fact in dispute, and Home Furniture is entitled to judgment as a matter of law.

**IT IS ORDERED** as follows:

1. The Court grants Home Furniture's motion for summary judgment and dismisses Mr. Sadeekah's claim with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days after issuance.

3. The filing fee of $150.00 is taxed to Home Furniture under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk and for which execution might issue as necessary.

4. Home Furniture shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.


**ENTERED March 22, 2021.**


_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

---

[2] While this result may seem harsh, the Court notes that the Form C-32 was signed on December 31, 2020, two months before the hearing, giving Mr. Sadeekah ample time to provide timely notice to Home Furniture.

3

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on March 22, 2021.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Khaled Sadeekah, Employee | | X | khalidsaddikah@gmail.com |
| Courtney Smith, Employer's Attorney | | X | csmith@spicerfirm.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*